IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Steve Lester, #075259, | ) | |
| | ) | Civil Action No. 4:16-3829-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| South Carolina Department of | ) | |
| Correctional "Perry", Capt. Randall, | ) | |
| Ofc. Fish, and Ofc. Alewine, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Steve Lester ("Lester"), proceeding pro se and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02, DSC, this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report") recommending that the court dismiss the complaint, with prejudice and without issuance and service of process. (ECF No. 8). The magistrate judge further recommended that the dismissal be deemed a strike pursuant to 28 U.S.C. § 1915(g). *Id*. Lester filed timely objections to the Report, (ECF No. 11), and this matter is ripe for review.

The magistrate judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *Id*.

1

The magistrate judge's Report found that Lester's complaint, to the extent that he asserted deprivation of property, was duplicative of the complaints in three prior § 1983 cases brought by Lester involving the same incident. As the magistrate judge noted, even an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. (ECF No. 8 at 4). Because Lester has a meaningful remedy in state court pursuant to the South Carolina Tort Claims Act, the magistrate judge recommended summary dismissal.

Lester's objections contain largely a recitation of the facts underlying his claim and the allegations laid out in his complaint, rather than specific objections to the magistrate judge's Report. (ECF No. 11). Liberally construing the objections, the court gleans that Lester objects to the magistrate judge's Report because it allegedly took three years for him to receive the incident report written by Captain Randall about the April 12, 2010 incident. He asserts that this incident report is newly discovered evidence for the district court. However, a copy of the incident report was attached to Lester's complaint and did not change the magistrate judge's analysis of the merits of his claim, which was dismissed on three previous occasions.[1] (ECF No. 1-1 at 3). Likewise, to the extent that he asserts the intentional deprivation of property, the submission of the incident report has no effect on the court's analysis of Lester's claim because it is not being dismissed for lack of proof or on the basis of the statute of limitations. Rather, Lester's claim is subject to summary dismissal because he has a meaningful remedy under South Carolina state law, S.C. Code Ann. § 15-78-10 et seq.; *see Hudson v Palmer*, 468 U.S. 517, 530–36 (1984), and because this claim is a frivolous duplicative filing.

---

[1] *Lester v. Perry Correctional Inst., et al.,* C.A. No. 4:12-3038-TMC, 2012 WL 5945013 (D.S.C. Nov. 28, 2012) (dismissed with prejudice and "strike" issued for frivolousness); *Lester v. Perry Correctional Inst., et al.*, C.A. No. 4:12-971-TMC, 2012 WL 1963566 (D.S.C. May 31, 2012) (dismissed without prejudice), *aff'd*, 479 F. App'x 509 (4th Cir. 2012); *Lester v. Perry Correctional Inst., et al.*, C.A. No. 11-1388-TMC, 2011 WL 5105460 (D.S.C. Oct. 27, 2011) (dismissed without prejudice), *aff'd*, 464 F. App'x 144 (4th Cir. 2012).

To the extent that Lester asserted that he was denied his right of access to the courts, the Report stated that even if the court did not find the complaint duplicative of the three prior complaints, Lester's claim that he has "been denied [his] First Amendment Right [of] access to the courts," (ECF No. 1 at 3), should be subject to summary dismissal for failing to state a claim. (ECF No. 8 at 4). The magistrate judge found that Lester failed to plead with specificity any actual injury resulting from his alleged deprivation of access to the courts and therefore stated no plausible claim. Lester did not specifically object to the magistrate judge's finding regarding the right of access claim nor did he identify any injury. (ECF No. 11). The court concurs with the magistrate judge's conclusion. *See Lewis v. Casey,* 518 U.S. 343, 349 (1996) (holding that prisoner must demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (specific allegations must be made as to the actual injury sustained by the plaintiff claiming infringement of his right of access to the courts; a prisoner cannot rely on conclusory allegations); *see also Williams v. Calton*, No. 7:10CV00075, 2011 WL 320813, at *2 (W.D. Va. Jan. 28, 2011) ("[A]n inmate must come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions; rather, he must show that he was unable to file the initial petition or that a petition he filed was so technically deficient that it was dismissed without consideration of the merits.").[2]

---

[2] From the record, it appears that Lester's denial of access claim refers to his intent to challenge his conviction. (ECF No. 1-1 at 5) (Lester's South Carolina Department of Corrections step one grievance form regarding the April 12, 2010 incident states, "[T]his dereliction[ ] has denied me access to the Courts. I cannot challenge my conviction in the courts without my legal documentation. . . ."). However, in 2014—subsequent to the incident at issue—Lester filed a § 2254 complaint challenging his conviction. *Lester v. Perry Correctional Inst.*, C.A. No. 4:14-482-TMC (D.S.C. June 10, 2014) (dismissing Lester's habeas petition with prejudice due to lack of permission from the Fourth Circuit to file a successive § 2254 petition). As stated above, a prisoner must demonstrate that a *nonfrivolous* legal claim had been frustrated or was being impeded, *Lewis,* 518 U.S. at 349, which Lester fails to allege sufficiently to state a claim in this case. Moreover, Lester has also challenged his conviction pursuant to § 2254 four times prior to the incident with no success. *See Lester v. South Carolina, et al.*, C.A. No. 4:06-1035-HFF, 2006 WL 1878998 (D.S.C. July 6, 2006); *Lester v. South Carolina, et al.*, C.A. No. 4:03-15-RBH, (D.S.C. Sept. 9, 2004), *aff'd*, 122 F. App'x 59 (4th Cir. 2005); *Lester v. South Carolina, et al.*, C.A. No. 4:03-3639-HFF, (D.S.C. Mar. 1, 2004); and *Lester v. South Carolina, et al.*, C.A. No. 4:99-3122-CWH, (D.S.C. June 10, 2000), *aff'd* 57 F. App'x 156 (4th Cir. 2003).

Lester also states in his objection that he requests that the court appoint counsel. However, "a plaintiff does not have an absolute right to appointment of counsel." *Miller v. Simmons,* 814 F.2d 962, 966 (4th Cir. 1987). Instead, the provision of counsel through the auspices of the court remains, "as [does] the privilege of proceeding in *forma pauperis,* a matter within the discretion of the District Court. It is a privilege and not a right." *Bowman v. White,* 388 F.2d 756, 761 (4th Cir. 1968). In delineating the scope of this discretion, the United States Court of Appeals for the Fourth Circuit has held that a litigant "must show that his case is one with exceptional circumstances." *Miller,* 814 F.2d at 966 (citing *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975)). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir.1984), *abrogated* in *part* on *other grounds, Mallard v. United States Dist. Ct. for S.D. of Iowa,* 490 U.S. 296 (1989). More pointedly, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Gordon v. Leeke,* 574 F.2d 1147, 1153 (4th Cir. 1978). In this case, as articulated by the magistrate judge, it is not apparent that Lester has a colorable claim; rather, his claims are frivolous, and therefore, do not warrant appointment of counsel.

Finally, the Report recommended that this dismissal be deemed a "strike" under 28 U.S.C. § 1915(g). The court declines to deem this dismissal a strike. Construing Lester's complaint liberally, in this case he attempted to raise a denial of access claim for the first time. (ECF No. 1 at 3 and 4). As discussed above, the court finds it appropriate to dismiss this part of Plaintiff's complaint without prejudice, for failure to state a claim. Therefore, the court declines to issue a strike. *See Odom v. Haley*, 627 Fed. App'x 250 (4th Cir. 2015) (holding that district court's dismissal of an action for failure to state a claim was not a strike where complaint was dismissed partly with prejudice and partly without prejudice); *Tolbert v. Stevenson*, 635 F.3d 646 (2011)

4

(holding that in order to count as a strike, an entire action must be dismissed as frivolous, malicious, or for failure to state a claim).

The magistrate judge stated that this would be Lester's second strike. However, the court notes that Lester had two strikes for the purposes of the "three strikes" rule of 28 U.S.C. § 1915(g) prior to this action. *See Lester v. Perry Correctional Inst., et al.,* C.A. No. 4:12-3038-TMC, 2012 WL 5945013 (D.S.C. Nov. 28, 2012) (dismissing Lester's claims with prejudice for frivolousness and issuing Lester's second strike); *Lester v. Ratigan*, C.A. No. 4:12-0016-TMC, 2012 WL 1032619 (D.S.C. Mar. 27, 2012), *aff'd*, 487 F. App'x 125 (4th Cir. 2012) (affirming Lester's first strike on a claim which was summarily dismissed, without prejudice, as frivolous). In *McLean*, the Fourth Circuit stated, "[O]ur holding today should not be read to indicate that a dismissal for frivolousness that is rendered without prejudice should avoid a strike designation." *McLean v. United States*, 566 F. 3d 391, 400 (4th Cir. 2009); *Demos v. United States Sec'y of Def.*, C.A. No. 2:13-1-TMC-BHH, 2013 WL 3353906, at *1 (D.S.C. May 16, 2013) ([U]nder *McLean*, a 'strike' may be 'thrown' after a review of the case if it is frivolous, or if it fails to state a claim upon which relief may be granted."). Thus, the strike issued by this court in the March 27, 2012 decision is a valid strike pursuant to *McLean*, because Lester's claim was dismissed *as frivolous*, without prejudice. *Lester*, 2012 WL 1032619.

After a thorough review of the Report and the record in this case, the court partially adopts the magistrate judge's Report (ECF No. 8), as detailed above, and incorporates it herein. Accordingly, it hereby **ORDERED** that Plaintiff's deprivation of property claim is **DISMISSED** *with prejudice* and Plaintiff's denial of access claim is **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

June 1, 2017
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.